UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PHH MORTGAGE CORPORATION,

                               Plaintiff,                     3:25-cv-00948 (BKS/ML)

v.

JAMES D. ROSSI; MIDLAND CREDIT
MANAGEMENT, INC.; "JOHN DOE #1" through "JOHN
DOE #12," the last twelve names being fictitious and
unknown to Plaintiff, the persons or parties intended being
the tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the premises,
described in the complaint;
                               Defendants.

_____

**Appearances:**

*For Plaintiff:*
Eric S. Sheidlower
Anthony Cellucci
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff PHH Mortgage Corporation brought this diversity action pursuant to Article 13

of the New York Real Property Actions and Proceedings Law ("RPAPL"), N.Y. Real Prop. Acts.

Law § 1301 *et seq.*, seeking to foreclose a mortgage encumbering 647 Glendale Drive, Union,

New York 13760. (Dkt. No. 1). Defendants James D. Rossi and Midland Credit Management,

Inc., have failed to file an answer to the complaint.[1] Presently before the Court is Plaintiff's

_____

[1] Plaintiff also brought this action against John Doe #1 through John Doe #12, but now seek to remove these defendants
because they have not been served with copies of the summons and complaint and "are neither necessary nor proper

motion for default judgment and judgment of foreclosure and sale, as well as for the appointment of a referee. (Dkt. No. 12). For the reasons stated below, Plaintiff's motion is denied without prejudice to renew.

## II.   BACKGROUND[2]

This action relates to Defendant Rossi's acquisition of the subject property by note and mortgage and his alleged failure to make payments.  (Dkt. No. 1).  On November 16, 2018, Defendant Rossi executed a note to 1st Priority Mortgage, Inc. for $95,243.00. (*Id.* at ¶ 9(a)). The same day, Defendant Rossi executed a mortgage in the principal amount of $95,243.00 and interest to Mortgage Electronic Registration Systems, Inc. as nominee for 1st Priority Mortgage, Inc. (*Id.*). The mortgage was later assigned to Plaintiff on April 5, 2022 through an assignment of mortgage recorded with the Broome County, New York County Clerk in Instrument #202200009014, and the recording tax was duly paid. (*Id.* at ¶¶  9(b), 10; Dkt. No. 1-4).

Defendant failed to make payments in accordance with the terms of the note and the mortgage by not making the payment that was due on January 1, 2025 and subsequent payments. (Dkt. No. 1, ¶ 12).  As of the date Plaintiff commenced this action, Defendant Rossi owes a principal balance of $85,121.40 on the note and mortgage, along with interest and other costs. (*Id.* at ¶ 18(a)). Plaintiff asserts that it "has complied with all contractual conditions precedent" and "with RPAPL § 1304 and RPAPL § 1306" (*Id.* at ¶¶ 13, 15).  Plaintiff also asserts that

---

party defendants." (Dkt. No. 12, at 2; Dkt. No. 12-1, at 7). "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m)." Because none of these defendants have been identified and served with the summons and complaint and it has been more than ninety days since the complaint has been filed, the John Doe defendants are dismissed. *Deutsche Bank Nat'l Tr. Co. v. Nickle*, No. 24-CV-7889, 2026 WL 788108, at *7, 2026 U.S. Dist. LEXIS 32205, at *20–21 (E.D.N.Y. Feb. 13, 2026) (dismissing unidentified defendants labeled as "John Doe" because they had not been served with the summons and complaint within ninety days after the complaint was filed), *report and recommendation adopted*, No. 24-CV-07889, 2026 WL 788011, 2026 U.S. Dist. LEXIS 59217 (E.D.N.Y. Mar. 20, 2026). The Court directs the Clerk of Court to terminate Defendants John Doe #1 through John Doe #12.

[2] Except where otherwise indicated, all facts set forth herein are based on Plaintiff's complaint. (Dkt. No. 1).

"[p]ursuant to RPAPL § 1302," it has "complied with all provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL § 1304, except as where it is exempt from doing so." (*Id.* at ¶ 16).

## III.  STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks judgment . . . is not an infant or an incompetent person (2) a party against whom it seeks judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded.").  Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of default judgment." *Priestly*, 647 F.3d at 505; *see also* L.R. 55.2(b) ("The motion . . . shall include a memorandum of law pursuant to Local Rule 7.1 and a proposed order. The moving party shall also include in its application an affidavit of the moving party or the moving party's attorney setting forth facts as required by L.R. 55.2(a).")

## IV.  DISCUSSION

By failing to answer the complaint or oppose this motion, Defendants Rossi and Midland Credit Management, Inc, are deemed to have admitted the factual allegations in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . ."); *Rolex Watch, Inc. v. Pharel*, No. 09-CV-4810, 2011 WL 1131401, at *2, 2011

3

U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." (quoting *Telequip Corp. v. Change Exch.*, No. 01-CV-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004)).

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).  Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  The Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Id.* (alteration in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 36 N.E.3d 1138, 1140 (N.Y. 2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015). To state a valid mortgage foreclosure claim, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *Conklin*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on

the mortgagor with the summons and complaint,[3] (2) service of the statutory notice on the mortgagor prior to commencing the action,[4] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[5] (4) service of a summons containing specified language,[6] and (5) filing the notice of pendency in compliance with section § 1331 of the RPAPL and section 6511(a) of the New York Civil Practice Law and Rules (N.Y. C.P.L.R.).[7] *Id.*

### A.      Liability of Defendant Rossi

#### 1.      Common Law Elements of Foreclosure Action

Plaintiff has established the common law elements of a mortgage foreclosure claim against Defendant Rossi because it asserts that he executed a mortgage note and a mortgage, that the mortgage was assigned to Plaintiff, and that Defendant Rossi is in default on the mortgage note and the mortgage, (Dkt. No. 1, ¶¶ 9, 11–12). *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) ("New York courts require that the plaintiff in an action to foreclose a

---

[3] "Section 1303 of the R.P.A.P.L. requires the foreclosing party in a mortgage foreclosure action [involving a residential property] to serve a statutory notice entitled 'Help for Homeowners in Foreclosure' with the summons and complaint." *Conklin*, 310 F.R.D. at 44 n.4.; *see also* N.Y. Real Prop. Acts. Law § 1303.

[4] For home loans, section 1304 of the RPAPL requires the lender, an assignee, or mortgage loan servicer to serve a statutory notice entitled "YOU MAY BE AT RISK OF FORECLOSURE." on the borrower at least ninety days before commencing the foreclosure action. N.Y. Real Prop. Acts. Law § 1304; *see also Conklin*, 310 F.R.D. at 44 n.3.

[5] "Section 1306 of the R.P.A.P.L. requires the lender[, assignee, or mortgage loan servicer] to "file the New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage within three business days of mailing the section 1304 notice." *Conklin*, 310 F.R.D. at 44 n.5; *see also* N.Y. Real Prop. Acts. Law § 1306.

[6] For actions to foreclose mortgages on residential properties with less than four units, section 1320 of the RPAPL requires service of a special summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice entitled, "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. Real Prop. Acts. Law § 1320.

[7] Section 1331 of the RPAPL requires that the plaintiff "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. Real Prop. Acts. Law § 1331. N.Y. C.P.L.R. § 6511(a) requires the complaint to be filed with the notice of pendency, unless the complaint has already been filed in the county in which the mortgaged property is located.

mortgage demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" (quoting *Campaign v. Barba*, 805 N.Y.S. 2d 86, 86 (App. Div. 2005))).

### 2.    Real Property and Proceedings Law

#### a.    N.Y. Real Prop. Acts. Law § 1303

Plaintiff has not established its compliance with section 1303 of the RPAPL because the record does not demonstrate that Plaintiff served on Defendant Rossi the statutory notice entitled, "Help for Homeowners in Foreclosure" with the summons and complaint. Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action involving residential real property to provide notice to "any mortgagor if the action relates to an owner-occupied one-to-four family dwelling." *Id.* § 1303(a). The notice "shall be delivered with the summons and the complaint," "on its own page" and "printed on colored paper that is other than the color of the summons and complaint." *Id.* §1303(2). The statute requires the notice to have particular formatting, as well, including "bold, fourteen-point type" for the text of the notice, and "bold twenty-point type" for the title of the notice." *Id.* § 1303(2).

Here, Plaintiff brings a foreclosure action against a mortgagor of a one-to-four family dwelling. (*See, e.g.*, Dkt. No. 1-3, at 2 (stating that the mortgage pertains to "1-2 Family Home" on the Broome County Clerk's recording page); Dkt. No. 1-5, at 2 (recording "Property Type" as "1 to 4 Family Home" on "Proof of Filing Statement" to the New York State Department of Financial Services)). The affirmation of service to Defendant Rossi, (Dkt. No. 5), states that Defendant Rossi was served with a "Homeowners Foreclosure Notice as required by RPAPL 1303." However, the "RPAPL 1303 notice" attached to the complaint (Dkt. No. 1-7) is not the "Help for Homeowners in Foreclosure" notice which was required to be served on a mortgagor, §§ 1303(1)(a), (3) but is a "Notice to Tenants of Building in Foreclosure" which is the notice

required to be given to *tenants*, §§ 1303(1)(b), (5). Nothing in this record addresses what notice was served with the summons and complaint. Plaintiff has therefore not demonstrated compliance with section 1303 of the RPAPL. *See Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18-CV-02702, 2019 WL 4014840, at *5, 2019 U.S. Dist. LEXIS 99565, at *10–11 (E.D.N.Y. June 11, 2019) ("'A foreclosing mortgagee that does not clearly establish compliance with RPAPL's notice requirements,' including those set forth under Section 1303, '"fail[s] to meet its prima facie burden of establishing its entitlement to judgment as a matter of law."'" (alteration in original) (quoting *United States v. Starr*, No. 16-CV-1431, 2017 WL 4402573, at *4, 2017 U.S. Dist. LEXIS 162395, at *9–10 (S.D.N.Y. Sep. 29, 2017)), *report and recommendation adopted*, No. 18-CV-02702, 2019 WL 3543610, 2019 U.S. Dist. LEXIS 130621 (E.D.N.Y. Aug. 5, 2019).

### b.    N.Y. Real Prop. Acts. Law § 1304

It does appear, however, that Plaintiff has satisfied the requirements of section 1304 of the RPAPL. Plaintiff alleges that it "complied with RPAPL §1304" and provided a copy of the notice mailed via certified mail to the borrower at the mortgaged premises,[8] (Dkt. No. 1-5, at 3–22), and an affirmation attesting that these notices were mailed on February 12, 2025, (Dkt. No. 12-5, ¶ 13), more than ninety days prior to the commencement of this action on July 18, 2025. This is sufficient to show compliance with section 1304 of the RPAPL. *See Hudson City Sav. Bank v. DePasquale*, 139 N.Y.S.3d 645, 647–48 (App. Div. 2020).

---

[8] The section 1304 notice was mailed to 647 Glendale Dr, Endicott, NY 13760. The Court takes judicial notice that Endicott is a village within the Town of Union. *See Maps*, Town of Union, https://www.townofunion.com/services/hud/maps.php#outer-576 (last visited Apr. 28, 2026).

### c.    N.Y. Real Prop. Acts. Law § 1306

It is not clear whether Plaintiff has complied with section 1306 of the RPAPL as the supporting evidence Plaintiff supplied is deficient. Although Plaintiff alleges that it "complied with . . . RPAPL § 1306," (Dkt. No. 1, ¶ 15), and provided a "Proof of Filing Statement" containing Defendant Rossi's name, address, and original loan amount, the area containing Defendant Rossi's phone number appears to have been redacted.  (Dkt. No. 1-5, at 2). The record does not reflect why a telephone number for the mortgagor is not visible. "Telephone numbers are not among the categories of information that Rule 5.2 [of the Federal Rules of Civil Procedure] allows parties to redact without leave of the Court (such as social security numbers and bank records)." *Windward Bora LLC v. Durkovic*, No. 22-CV-00411, 2022 WL 16702694, at *4, 2022 U.S. Dist. LEXIS 199737, at *8 (E.D.N.Y. Nov. 2, 2022).   "The purpose of the borrower information on the RPAPL § 1306 form is to assist mortgage counselors working with the Department [of Financial Services] to contact the Borrower," and courts have required strict compliance with this provision. *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 536 n.3 (2d Cir. 2020); *Brown v. Amarante*, No. 23-CV-3514, 2024 WL 4716364, at *14, 2024 U.S. Dist. LEXIS 204283, at *36–38 (S.D.N.Y. Nov. 8, 2024) (finding that the plaintiff did not comply with N.Y. Real Prop. Acts. Law § 1306 where the plaintiff did not include the borrower's telephone number on the filing statement), *report and recommendation adopted*, No. 23-CV-3514, 2025 WL 934318, 2025 U.S. Dist. LEXIS 57638 (S.D.N.Y. Mar. 27, 2025)

It does appear, however, that Plaintiff's filing statement was timely filed because it was submitted with the superintendent of the New York State Department of Financial Services "within 3 business days of mailing the 90-day letter," (Dkt. No. 12-5, ¶ 14), and this is verified by the filing itself. (Dkt. No. 1-5, at 2 (stating that the filing date was February 13, 2025)). Any

8

renewed motion for default judgment must, however, contain proof of full compliance with § 1306.

### d.    N.Y. Real Prop. Acts. Law § 1320

Plaintiff has also not shown compliance with section 1320 of the RPAPL. Although Plaintiff submitted an exhibit to its complaint containing the section 1320 notice, (Dkt. No. 1-6), it was not attached to the summons and complaint, and the record does not establish that this notice was served with the summons and complaint in this action. *See Freedom Mortg. Corp. v. Thomas*, No. 23-CV-06339, 2024 WL 2808369, *2, 2024 U.S. Dist. LEXIS 98253, at *5 (W.D.N.Y. June 3, 2024) (citing cases; finding insufficient compliance with section 1320 where the plaintiff submitted a copy of the section 1320 notice and asserted in its motion papers that the notice was delivered when service was effectuated because the proof of service did not state that the section 1320 notice was served with the summons and complaint).

### e.    N.Y. Real Prop. Acts. Law § 1331 and N.Y. C.P.L.R. § 6511(a)

It appears that Plaintiff has met the requirements of section 1331 of the RPAPL by filing a sufficient notice of pendency. Section 1331 of the N.Y. Real Prop. Acts. Law is also subject to N.Y. C.P.L.R. § 6511(a), requiring plaintiffs to file the notice of pendency with the complaint to the clerk of the county where the subject property is located, unless it has already been filed in that county. N.Y. C.P.L.R § 6511(a). Plaintiff provided evidence that the notice of pendency was filed with the clerk of Broome County, New York, but the exhibit containing the notice of pendency does not include the complaint. (Dkt. No. 12-14). Plaintiff's counsel attests that a copy of the complaint was filed with the notice of pendency on August 4, 2025. (Dkt. No. 12-2, ¶ 10). According to a records search on the Broome County Clerk's website, the Court takes judicial notice of the complaint, which was actually filed on August 1, 2025, obtained from the Broome County Clerk's website. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("We also take

9

judicial notice of relevant matters of public record."). Therefore, Plaintiff has met the requirements of N.Y. C.P.L.R. § 6511(a).

### B.    Liability of Subordinate Lienholders

Plaintiff seeks default judgment against Defendant Midland Credit Management, Inc., which is alleged to hold a lien in the subject property subordinate to Plaintiff's mortgage. (Dkt. No. 1, ¶ 4). Under New York law, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary defendant to a mortgage foreclosure action. N.Y. Real Prop. Acts. Law § 1311(3). This includes entities that hold subordinate liens and therefore have only "nominal interests" in the property. *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4, 2016 U.S. Dist. LEXIS 62005, at *12 (E.D.N.Y. May 9, 2016) ("Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants." (collecting cases)), *report and recommendation adopted*, No. 13-CV-7308, 2016 WL 3102021, 2016 U.S. Dist. LEXIS 72133 (E.D.N.Y. June 2, 2016). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Robinson*, 2016 WL 3365091, at *4, 2016 U.S. Dist. LEXIS 62005, at *12. Therefore, if default judgment is granted as to Defendant Rossi, default judgment would be appropriate against Midland Credit Management, Inc. as a subordinate lienholder to extinguish liens. *See Blue Castle (Cayman) Ltd. v. Jones*, No. 25-CV-152, 2025 WL 3618021, at *5, 2025 U.S. Dist. LEXIS 229726, at *12–13 (E.D.N.Y. Nov. 21, 2025) (granting default judgment against subordinate lienholder where the complaint alleged that a lien the defendant may have had against the property was subordinate to the plaintiff's judgment), *report and recommendation adopted*, No. 25-CV-00152, 2025 WL 3611552, 2025 U.S. Dist. LEXIS 257695 (E.D.N.Y. Dec. 12, 2025).

V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 12) is **DENIED** without prejudice; and it is further

**ORDERED** that to the extent Plaintiff seeks to renew its motion for default judgment, curing the deficiencies identified, it must file and serve a renewed motion within thirty days of the date of this decision. If Plaintiff concludes that it is unable to proceed on this record it must notify the Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk of Court terminate Defendants John Doe #1 through John Doe #12.

**IT IS SO ORDERED.**

Dated:  April 29, 2026
          Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

11